

**ORDERED in the Southern District of Florida on January 30, 2014.**

*Raymond B. Ray, Judge*
*United States Bankruptcy Court*

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re                                                                                    Chapter 7

BRANDON OVERSEAS, INC.,                                      Case No. 08-11035-RBR

_____Debtor_____/

**ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER
APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE
TO OAK POINT PARTNERS, INC. FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO
11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

THIS MATTER came before the Court upon the *Ex Parte Motion for an Order Approving the Sale of Remnant Assets to Oak Point Partners, Inc. Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 ad 363* (the "Motion") [ECF# 519] filed by the Trustee. The Court, having jurisdiction to consider the Motion and

requested relief in accordance with 28 U.S.C. §§ 157 and 1334, and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b), and due and proper notice of the Motion having been provided, and it appearing that no other notice need be provided and that further notice has been waived, and the Court having read and considered the Motion, and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court, and the Court having determined that the legal and factual bases set forth in the Motion establish just and sufficient cause for the relief granted herein **ORDERS** as follows:

1. The Motion is **GRANTED**.

2. The Agreement[1] and all of its terms and conditions are approved in their entirety.

3. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets to Oak Point for the consideration described in the Motion.

4. Pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, and encumbrances, with such liens, claims, and encumbrances, if any, to attach to the proceeds of the Sale with the same force, as they may have had on the date of the entry of the order for relief.

5. The Trustee is authorized to take such action as is necessary to effectuate the terms of the Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Agreement.

6. Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

---

[1] Capitalized terms not defined herein shall carry the meanings ascribed to them in the Motion.

7. The transfer of the Remnant Assets to Oak Point pursuant to the Agreement constitutes a legal, valid, and effective transfer of the Remnant Assets, and shall vest Oak Point with all right, title, and interest in and to the Remnant Assets.

8. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

9. This Court reserves jurisdiction over the provisions of this order to determine all disputes related to this Order.

###

**Submitted by:**

Daniel L. Gold, Esq.
Florida Bar No.: 761281
dg@ecclegal.com
EHRENSTEIN CHARBONNEAU CALDERIN
Attorneys for the Chapter 7 Trustee
501 Brickell Key Drive, Suite 300
Miami, Florida 33131

Copy to: Attorney Gold, who is directed to serve a conforming copy herein upon all interested parties.